UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAYSHAWN R. WILLIAMS, #1463377,

        Petitioner,

v.                          ACTION NO. 2:15cv422

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rayshawn R. Williams ("Williams") is a Virginia inmate currently serving a thirteen-year active sentence following his 2012 convictions for attempted murder, aggravated malicious wounding, and use of a firearm in the commission of both felonies. His pro sé federal habeas petition under 28 U.S.C. § 2254 alleges four ineffective assistance of counsel claims. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72 of the Federal Rules of Civil Procedure. For the reasons outlined below, the undersigned RECOMMENDS that the court deny Williams's claims, GRANT Respondent's motion (ECF No. 14), and DISMISS the petition.

## I.    STATEMENT OF THE CASE

In August 2012, following a bench trial in the Circuit Court of the City of Richmond, Williams was convicted of attempted murder in violation of Virginia Code § 18.2-26 and §18.2-32, aggravated malicious wounding in violation of Virginia Code § 18.2-51.2(A), and two counts of use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1.    Trial Tr. at 97-98, Commonwealth v. Williams, Nos. CR12-F-1871, CR12-F-1873, CR12-F-1874, CR12-F-4228 (Va. Cir. Ct. Aug. 2, 2012).    On September 19, 2012, the court sentenced Williams to thirty-eight years' imprisonment with twenty-five years suspended, resulting in a thirteen-year active sentence. Sentencing Order, Commonwealth v. Williams, Nos. CR12-F-1871, CR12-F-1873, CR12-F-1874, CR12-F-4228 (Va. Cir. Ct. Oct. 9, 2012) (sentencing Williams to 20 years' imprisonment with 15 years suspended for the aggravated wounding charge; 10 years' imprisonment with 10 years suspended for the attempted murder charge; and 3 years' imprisonment and 5 years' imprisonment for the two firearm charges)

Williams, by counsel, appealed his conviction to the Court of Appeals of Virginia.    Williams v. Commonwealth, No. 1879-12-2 (Va. Ct. App. June 26, 2013) (ECF No. 16-1, at 32-34).    He argued that the evidence presented at trial as to the victim's impairment following the shooting was insufficient to support

2

his convictions for aggravated malicious wounding and use of a firearm in commission of a felony. Am. Pet. for Appeal, Williams v. Commonwealth, No. 1879-12-2 (Va. Ct. App. May 10, 2013) (ECF No. 16-1, at 1-19). The Court of Appeals of Virginia denied his appeal, holding that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of aggravated malicious wounding and use of a firearm in the commission of a felony and that [the victim] sustained a significant and permanent injury." Williams v. Commonwealth, No. 1879-12-2 (Va. Ct. App. June 26, 2013) (per curiam) (ECF No. 16-1, at 33). In denying his appeal, the Court of Appeals provided the following summary of the facts:

> [T]he evidence showed that on the night of February 18, 2012, police were called to respond to a restaurant. The victim, Albert Smith, had been shot twice in the mouth and once in the back of his neck. At trial, the evidence showed that appellant had eaten in this restaurant earlier in the evening and then left. Witnesses testified that appellant's mother, Joyce Barber, was in the restaurant that evening, was belligerent towards another customer (her live-in boyfriend), and had to be escorted from the restaurant. Barber made threats of revenge as she was being escorted out of the restaurant. Appellant and Barber returned to the restaurant near closing time and appellant demanded to know, "Who is that mother fucker that bothered my mamma?" Barber pointed at Smith, and appellant displayed a gun and shot Smith three times. As a result of this incident, Smith was hospitalized for approximately one month and had to undergo six weeks of physical therapy. At the time of trial, Smith still experienced numbness in his left

> hand, numbness in his lower lip, and an inability to
> lift objects heavier than a gallon of milk.

Id. (ECF No. 16-1, at 32-33). Following the Court of Appeals'
denial of Williams' appeal, he filed a motion for
reconsideration, arguing that the court "did not adequately
review the record." Mot. for Recons., Williams v. Commonwealth,
No. 1879-12-2 (Va. Ct. App. June 26, 2013) (ECF No. 16-1, at
35). On October 31, 2013, the Court of Appeals denied his
motion for reconsideration. Williams v. Commonwealth, No. 1879-
12-2 (Va. Ct. App. Oct. 31, 2013) (ECF No. 16-1, at 38). The
Supreme Court of Virginia refused Williams's appeal on June 14,
2014. Williams v. Commonwealth, No. 131834 (Va. June 13, 2014)
(ECF No. 16-2, at 21). Williams then filed a petition for
rehearing, which the Supreme Court of Virginia denied on
September 19, 2014. Williams v. Commonwealth, No. 131834 (Va.
Sept. 19, 2014) (ECF No. 16-2, at 27).

Williams did not file a petition for a writ of habeas
corpus in state court. He timely filed his federal habeas
petition pro sé, and he filed an amended petition on November 6,
2015. Habeas Pet. (ECF No. 1); Am. Habeas Pet. (ECF No. 3).
His petition alleges four claims for habeas relief, all of which
allege ineffective assistance of counsel. Specifically, he
argues that: (1) counsel failed to prepare a defense; (2)
counsel failed to present exculpatory evidence; (3) counsel

failed to conduct an independent investigation; and (4) counsel failed to raise the issue of double jeopardy. Am. Habeas Pet. (ECF No. 3, at 5-10).

The Respondent filed a motion to dismiss the petition, arguing that Williams's claims are simultaneously exhausted and defaulted because he did not present his claims in state court. Resp't's Br. (ECF No. 16, at 5-7). Williams received notice of the motion and his opportunity to respond, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Williams responded on February 16, 2016. Pet'r's Resp. (ECF No. 18). In his response, he sought to "remove [his] petition from the record" because he learned that he had failed to file a petition in state court. Id. at 1. Although Williams's sought to withdraw his federal habeas petition, this report recommends that the court resolve his current petition on the merits because he is time-barred from filing a state petition,[1] and as a result, his federal claims are simultaneously exhausted and defaulted, and the matter is ripe for review.

---

[1]     Under Virginia's habeas corpus statute of limitations, Williams should have filed his state habeas petition "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). He failed to file a state habeas petition within this time period, and now, if he were to file a state petition, it would be time-barred. See id.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Williams Has Procedurally Defaulted His Claims.

Habeas petitions that challenge a state's custody over a petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a writ of habeas corpus in federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies. Id. § 2254(b)(1). That is, the state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law. "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In other words, Williams must have

"present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). Alternatively, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). That is, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, ... federal habeas corpus review of the defaulted claim" is precluded, "unless the petitioner can demonstrate cause and prejudice for the default." Id. (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996).

Here, Williams did not raise his current claims on direct appeal, and he did not file a petition for a writ of habeas corpus in state court, meaning he did not present the factual and legal claims in his present federal petition to any state

court.  If Williams had filed a state habeas petition, under Virginia's habeas corpus statute of limitations, he would have had to file "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."  Va. Code § 8.01-654(A)(2).  He failed to file a state habeas petition within this time period, and he is now barred from doing so under Virginia Code § 8.01-654(A)(2).  See id.  Because Virginia Code § 8.01-654(A)(2) is an adequate and independent state procedural rule, Williams's federal claims are simultaneously exhausted and procedurally defaulted.  See Ricks v. Virginia, No. 3:07cv296, 2008 WL 301992, at *3 (E.D. Va. Jan. 31, 2008) (discussing Fourth Circuit precedent holding that Va. Code § 8.01-654(A)(2) is an adequate and independent state procedural rule); see also Lee v. Johnson, No. 2:10cv122, 2010 WL 3937334, at *3 (E.D. Va. July 28, 2010) (addressing Va. Code § 8.01-654(A)(2)).

To overcome a procedural default, Williams must show "cause and prejudice" or establish that his confinement constitutes "a miscarriage of justice."  Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977).  Specifically, the court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's

8

procedural rule" and (2) that "errors at his trial ... worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)). Procedural default is also excused when "a constitutional error has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. That is, the petitioner must identify "new reliable evidence" not available to him at trial, and the court must find "in light of the new evidence it is more likely than not no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995); Sharpe v. Bell, 592 F.3d 372, 377 (4th Cir. 2010).

Williams has not argued that his default is excusable under any of these grounds. Instead, his petition focuses on the merits of his claims. See (ECF Nos. 1, 3). Moreover, nothing in the record suggests the existence of either cause and prejudice or a fundamental miscarriage of justice to excuse the default of his claims. Williams also does not meet the requirements of Martinez v. Ryan, 132 S. Ct. 1309 (2012), which provides a potential avenue to excuse default of an ineffective assistance claim due to inadequate representation in state habeas proceedings. In Martinez, the United States Supreme

9

Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Specifically, Martinez established a test to determine whether a petitioner can show cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[2] Id. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). See Martinez, 132 S. Ct. at 1318. Finally, the underlying ineffective assistance claim must have "some merit." Id.

As to the first step under Martinez, Virginia law requires a petitioner to raise all claims of ineffective assistance of counsel on collateral review, and thus Williams's case meets this requirement. See Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001). Williams did not file any state habeas petition,

---

[2] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 132 S. Ct. at 1315; see, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires that ineffective assistance claims be brought in collateral proceedings).

and assuming without deciding that his failure to file a timely state habeas petition was caused by his lack of counsel, he meets Martinez's second requirement because counsel was not appointed for his initial-review collateral proceeding. However, Williams fails to show that his claims are meritorious, and therefore fails to establish that Martinez excuses his procedural default of his claims.

B. **Williams's Ineffective Assistance of Counsel Claims Lack Merit.**

If the court reached the merits of Williams's claims, his claims of ineffective assistance of counsel would need to meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[3] That is, under Strickland's "performance" prong, Williams must show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[4] Id. To satisfy the "prejudice" prong of the test, Williams must

[3]  As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Williams must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697. Likewise, the court can address the elements in any order. Additionally, the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[4]  "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI.

prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[5] Id. at 694. The burden is on the petitioner to show that counsel's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 687.

In Williams's present petition, he presents four claims of ineffective assistance of counsel: (1) counsel failed to prepare a defense; (2) counsel failed to present exculpatory evidence; (3) counsel failed to conduct an independent investigation; and (4) counsel failed to raise the issue of double jeopardy. (ECF No. 3, at 5-10). This report will address the merits of each claim.[6]

---

[5] The United States Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

[6] If Williams had presented his habeas claims in state court, and the state court had resolved the issue on the merits, this court would be limited to a deferential standard of review under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, federal courts may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). Because Williams did not present his claims in state court, this provision does not apply.

1.    Claim One: Counsel Failed to Prepare a Defense

Williams argues that his counsel was constitutionally ineffective because he failed to present a "heat of passion" defense.    (ECF No. 3, at 5).    Specifically, he asserts that a "reasonable probability existed that the Judge would have found this defense persuasive and would have reduced the charge's [sic] of attempted 1st degree murder and aggravated malicious wounding to unlawful wounding."  Id.  Respondent argues that the facts of Williams's case do not support a defense of heat of passion, and he fails to show that the trial court would have reduced the charges.  (ECF No. 16, at 9-10).

"The so-called 'heat of passion' defense is not a defense in the traditional sense; the existence of 'heat of passion' merely reduces the grade of the offense."    Caudill  v. Commonwealth, 497 S.E.2d 513, 514 n.1 (Va. Ct. App. 1998).    To raise this defense, a defendant must demonstrate that "the simultaneous 'reasonable provocation' by the victim and the resulting passion" caused him to "act[] 'on impulse without conscious reflection.'"    Williams, 767 S.E.2d at 258 (emphasis added) (quoting Graham v. Commonwealth, 525 S.E.2d 567, 571 (Va. Ct. App. 2000)).    That is, the "circumstances must be such as would have aroused heat of passion in a reasonable person," and such passion "may be founded upon rage, fear, or a combination of both."    Barrett v. Commonwealth, 341 S.E.2d 190, 192 (Va.

13

1986); Rhodes v. Commonwealth, 583 S.E.2d 773, 775 (Va. Ct. App. 2003). If the defendant acted with malice, he cannot raise a heat of passion defense because "[m]alice and heat of passion are mutually exclusive; malice excludes passion, and passion presupposes the absence of malice." Id. Moreover, "[m]alice may be inferred 'from the deliberate use of a deadly weapon unless, from all the evidence,' there is reasonable doubt as to whether malice existed." Avent v. Commonwealth, 688 S.E.2d 244, 259 (Va. 2010) (quoting Smith v. Commonwealth, 389 S.E.2d 871, 882 (1990)).

The evidence at Williams's trial shows that he acted with malice and that the victim did not provoke him, preventing him from raising a viable heat of passion defense. Specifically, one witness, Ed Turnage, testified that after he (Turnage) argued with Joyce Barber - Williams's mother - other patrons "put her out" of the restaurant. Trial Tr. at 31-33, Commonwealth v. Williams, Nos. CR12-F-1871, CR12-F-1873, CR12-F-1874, CR12-F-4228 (Va. Cir. Ct. Aug. 2, 2012). He stated that "[n]ext thing [he] kn[ew] ... Rayshawn came through the door, and he says, who is that MF bothering my mama," and "[t]hen he pulled a gun out ... and he started shooting." Id. at 34:7-24. The victim, Albert Smith, also testified at trial, and he stated that around closing time, he was standing near the door, and as other patrons were trying to escort a woman out of the

14

restaurant, "she said somebody pushed her, and she turned around and hit [him] in the chest with her phone." Id. at 79-80.  Mr. Smith testified that he "heard her shout she was going to get her son," and then "she shouted, that's him right there, and [he] turned around to try to explain to [Williams] that [he] didn't touch his mom, and by that time [he saw] it coming outta his pants with his gun .... I tried to grab his hands, and that's when he shot me." Id. at 80-81.  This testimony shows that it was reasonable for the factfinder to conclude that Williams acted deliberately and without adequate provocation because he used a gun - a deadly weapon - and the witnesses testified that he appeared to re-enter the restaurant for the sole purpose of confronting and shooting the victim.

Applying Strickland to Williams's first claim, he fails to meet either the performance prong or the prejudice prong of the two-part test.  As to the prejudice prong, Williams fails to demonstrate that but for his counsel's conduct the outcome of the trial would have been different.  See Strickland, 466 U.S. at 694.  Although counsel could have presented this argument, the record shows that it was a reasonable strategic decision for him not to raise the defense because ample evidence suggested that Williams acted with malice, precluding a heat of passion defense.  That is, the evidence presented at trial showed that Williams was not present when his mother was removed from the

15

restaurant, apparently at her urging he returned to the restaurant armed with a deadly weapon, after his return he was not threatened by anyone, and he shot his victim without even offering an opportunity for him to explain. Accordingly, any heat of passion argument was unlikely to succeed. Counsel's trial strategies are strongly presumed to be reasonable, and here, it was reasonable for counsel to conclude that Williams could not present a credible heat of passion defense. See id. at 687. Because Williams first claim lacks merit, and he fails to meet the requirements of Strickland, this claim should be dismissed.

> 2. Claim Two: Counsel Failed to Present Exculpatory Evidence

Williams next argues that his trial counsel was ineffective because he failed to present "exculpatory evidence to support defense and impeach two of the prosecution['s] key witnesses." (ECF No. 3, at 7). In raising this claim, Williams does not proffer what exculpatory evidence counsel should have offered or which witnesses should have been impeached. Respondent argues that Williams's second claim lacks merit because he fails to proffer any information to support this claim. (ECF No. 16, at 10-11).

If a petitioner raises a claim that his counsel failed to present relevant testimony at trial, his claim "does not warrant

habeas relief absent a proffer of what [the] evidence ... would have been." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996). Here, Williams fails to proffer what evidence his counsel should have presented at trial. Moreover, as to Williams's assertion that his counsel should have used the evidence to impeach the prosecution's witnesses, the trial records show that during cross-examination, counsel questioned the reliability and credibility of several of the witnesses. Specifically, Williams's counsel asked one witness about a prior felony conviction, and he asked several witnesses about their alcohol consumption that night. See, e.g., Trial Tr. at 41-42, 48, 62, 90, Commonwealth v. Williams, Nos. CR12-F-1871, CR12-F-1873, CR12-F-1874, CR12-F-4228 (Va. Cir. Ct. Aug. 2, 2012). Williams also alleges that his counsel failed to impeach the victim, and that this would have changed the trial's outcome because the prosecution relied solely on the testimony of the victim. (ECF No. 3, at 7). The trial records do not support this claim because in addition to the victim's testimony, the court heard the testimony of three other people who witnessed the shooting and a police detective with the department's forensic unit. See id.

Applying Strickland, the trial records show that any issue as to the witnesses' credibility and reliability was before the factfinder, and Williams fails to describe what additional

evidence his counsel should have provided to change the outcome of the trial. Williams also fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness. Trial counsel is given much deference with regard to strategies used at trial, and Williams fails to proffer what exculpatory evidence his counsel should have introduced. See Strickland, 466 U.S. at 687; Gray v. Branker, 529 F.3d 220, 229 (4th Cir. 2008). Because Williams fails to show that his second claim is meritorious, this claim should be dismissed.

3. **Claim Three: Counsel Failed to Conduct an Independent Investigation**

In his third claim, Williams asserts that his trial counsel failed "to investigate and talk to [a] key witness to support [his] defense" and failed to consult a medical expert when counsel knew "the prosecution was relying solely on victim testimony." (ECF No. 3, at 8-9). Williams does not proffer what evidence his counsel would have found through his investigation, which witness he should have investigated, or what information the medical expert would have provided. Respondent argues that Williams's third claim lacks merit because he "told the trial court he was satisfied with the services of his attorney," and he fails to proffer what

18

information his counsel would have found in an investigation. (ECF No. 16, at 11).

When a petitioner alleges that his counsel failed to conduct an adequate investigation, such an allegation "does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver, 93 F.3d at 1195. Moreover, as to the merits of a claim of inadequate investigation, "Strickland does not require defense counsel to 'investigate every conceivable line of mitigating evidence .... Instead, it imposes upon counsel 'a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " Gray, 529 F.3d at 229 (quoting Wiggins v. Smith, 539 U.S. 510, 533 (2003); Strickland, 466 U.S. at 691).

Here, Williams fails to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. That is, "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 690-91. As discussed above, Williams's trial counsel cross-examined the prosecution's witnesses regarding known issues related to their credibility and reliability. Because Williams did not proffer which witness his counsel should have investigated

19

further or what evidence his counsel should have found during his investigation, he also fails to show that but for his counsel's actions the outcome of the trial would have been different. Id. at 691.

As to Williams's claim regarding counsel's failure to consult a medical expert, he appears to assert that his counsel was ineffective for failing to consult a medical expert when counsel knew that the prosecution was relying solely on the victim's testimony to prove the extent of his injuries. (ECF No. 3, at 8-9). Although he does not proffer what information the medical expert would have provided, he may be attempting to raise a claim similar to his sole claim on direct appeal to the Court of Appeals of Virginia. On direct appeal, he argued that there was insufficient evidence to prove that the victim suffered a significant and permanent injury, as required for a charge of aggravated malicious wounding. Williams v. Commonwealth, No. 1879-12-2 (Va. Ct. App. June 26, 2013) (ECF No. 16-1, at 32-34). The Court of Appeals summarized the evidence about the victim's injuries as follows: "after a lengthy hospitalization and physical therapy, [the victim] continued to have problems with his left arm and has a permanent steel plate in his chin. [The victim] described the left side of his face as 'swollen and crooked' as compared to his face prior to the shooting." Id. (ECF No. 16-1, at 33). In his

20

current petition, Williams does not proffer anything to suggest that the medical expert would have provided evidence that contradicted the victim's testimony. Williams therefore fails to show that his counsel acted unreasonably by allegedly failing to consult a medical expert, and he has not shown that the outcome of the trial would have been different if counsel had consulted a medical expert. See Strickland, 466 U.S. at 687, 694.

Because Williams has not made any showing that his counsel's investigative decisions were unreasonable, and he fails to show that but for his counsel's actions the outcome of the trial would have been different, his third claim should be dismissed. See Strickland, 466 U.S. at 687, 691.

4. Claim Four: Counsel Failed to Raise Double Jeopardy Issue

In his final claim, Williams argues that his counsel was ineffective for failing to raise a double jeopardy claim at trial. (ECF No. 3, at 10). Specifically, Williams asserts that he received "cumulative punishments," which "should be barred for aggravated malicious wounding and attempted first ... degree murder because each offense ha[s] the 'same element' of malice." Id. Respondent argues that Williams's fourth claim fails because there was no viable double jeopardy claim for counsel to raise at trial. (ECF No. 16, at 12-13).

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "[This provision] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). When the convictions are the result of a single trial, as is the case here, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Id. To determine whether a defendant received multiple punishments for the same offense, "the test to be applied ... is whether each [offense charged] requires proof of an additional fact which the other does not." Coleman v. Commonwealth, 539 S.E.2d 732, 734 (Va. 2001) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Relevant to Williams's claim, in Coleman v. Commonwealth, the Supreme Court of Virginia held that "convictions and punishments for malicious wounding and attempted murder of the same victim" in a single trial do not violate the Fifth Amendment's double jeopardy protection. Id. In applying the

22

*Blockburger* test, the Supreme Court of Virginia held that "each of the convictions ... contain[] required elements of proof not contained in the other conviction." Id. ("[T]he required proof that the defendant shot, stabbed, cut, or wounded the victim for a malicious wounding conviction is not required for an attempted murder conviction.... [And] a malicious wounding charge does not require proof of the specific intent to kill.").

Here, Williams was convicted of aggravated malicious wounding and attempted first degree murder. The analysis and conclusion in Coleman applies to Williams's case because the elements of aggravated malicious wounding are identical to those of malicious wounding with the additional requirement that the victim suffer permanent and significant injury. See Va. Code § 18.2-51; see also id. § 18.2-51.2 ("[A person is guilty of aggravated malicious wounding if he] 'maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill ... [when] the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment'" (emphasis added)). Because Virginia precedent does not support a double jeopardy claim for Williams's conviction, raising this issue would not have changed the outcome of the trial. See Strickland, 466 U.S. at 691. Moreover, counsel's failure to raise a meritless argument does not fall below an objective

standard of reasonableness because counsel is given wide discretion as to trial strategies, and it was reasonable for counsel to decide not to raise a claim that would be contrary to Virginia precedent. Accordingly, Williams's fourth claim fails on the merits and should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court GRANT Respondent's Motion to Dismiss (ECF No. 14), and that Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

24

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

March 18, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed

this date to:


**Rayshawn R. Williams**
#1463377
Nottoway Correctional Center
2892 Schuitt Rd.
P.O. Box 488
Burkeville, VA 23922


and an electronic copy was provided to:

**Virginia Bidwell Theisen**
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219


                                        Fernando Galindo, Clerk


                                        By_____
                                              Deputy Clerk

                                        _____, 2016